# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3084

_____

Michael Dunn,                                    *
                                                 *
          Appellant,                             *
                                                 *   Appeal from the United States
     v.                                          *   District Court for the Eastern
                                                 *   District of Arkansas.
Linda Sanders, Warden, FCI-                      *
Forrest City,                                    *   [UNPUBLISHED]
                                                 *
          Appellee.                              *

_____

Submitted: September 7, 2007
Filed: September 20, 2007

_____

Before MURPHY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Federal inmate Michael Dunn appeals the district court's order dismissing his 28 U.S.C. § 2241 petition in which he challenged the Bureau of Prisons' (BOP's) denial of his request for a nunc pro tunc designation that the state prison where he served a 5-year state sentence was the place for service of part of his 36-month federal sentence. We reverse and remand.

In March 2003 Dunn was arrested and, in April, his parole from a 12-year Missouri state sentence was revoked after drugs and a gun were found in his home. In July he pleaded guilty to a federal firearm charge and in September he was

sentenced to 36 months in federal prison and then returned to state authorities to serve the remainder of his 12-year state sentence. In January 2004 state drug charges were lodged against him in Missouri and, despite being paroled in April 2004, he remained in state custody and was subsequently convicted on the new state charges. In May he was sentenced to 5 years in state prison. He was initially transferred to a federal prison to begin service of his federal sentence, but was transferred back in August to state authorities to first serve his 5-year state sentence. In July 2005 he was paroled from the 5-year state sentence and was released to federal custody to serve his 36-month federal sentence.

In October 2005 Dunn submitted a request to the BOP for nunc pro tunc designation, requesting 15 months of credit toward his federal sentence for the time-- from May 2004 to July 2005--that he had spent in state custody on the 5-year state sentence. The BOP's decision in Dunn's administrative appeal indicates that in denying Dunn's request, the BOP relied almost exclusively on a January 2006 letter from the federal sentencing judge, responding to the BOP Regional Director's request for clarification on whether the sentencing court intended for the federal sentence, imposed in September 2003, to run concurrently with or consecutively to the state sentence imposed in May 2004. In response, the sentencing judge referred the BOP to orders issued by the sentencing court in December 2003 and September 2004.

When deciding whether to grant nunc pro tunc designation, it is appropriate for the BOP to consider--along with other factors--the sentencing court's intent. See 18 U.S.C. § 3621(b) (listing factors BOP should consider in determining place of imprisonment); BOP Program Statement 5160.05 (in exercising discretion to make concurrent designation, BOP is to consider inmate's disciplinary history, his institutional adjustment, any recommendations of United States Attorney or wardens at state and federal institutions, intent of federal sentencing court if available, and any other pertinent information). We hold that the BOP abused its discretion in this instance, however, when it relied on the sentencing judge's January 2006 letter, and

-2-

on the sentencing court's December 2003 and September 2004 orders, to infer that the sentencing court intended the federal sentence to run consecutively to the yet-to-be-imposed state sentence. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990) (standard of review). It is clear to us that the two orders were addressing the question whether the federal sentence was to run consecutively to the already-imposed state sentence of 12 years, which Dunn had resumed serving upon his state parole revocation in April 2003. The sentencing court's intent with regard to the federal sentence and the May 2004 5-year state sentence cannot be ascertained based on these orders.

Accordingly, we reverse the dismissal and remand to the district court, with directions that the district court enter an order directing the BOP to reconsider Dunn's request for nunc pro tunc designation, taking into account the appropriate factors, without relying on the sentencing court's January 2006 letter or its December 2003 and September 2004 orders.[1]

_____

[1]We reject Dunn's remaining arguments: that his August 2004 transfer back to Missouri authorities to first serve his 5-year state sentence was improper, and that pursuant to U.S.S.G. § 5G1.3 his 36-month federal and 5-year state sentences should be concurrent. Missouri acquired jurisdiction over him first and that continued until he completed serving his second Missouri sentence in July 2005, see Ponzi v. Fessenden, 258 U.S. 254, 260-61 (1922) (sovereign that first acquires custody of defendant is entitled to custody until any sentence imposed is served), and section 5G1.3 does not apply here because at the time of federal sentencing Dunn was not subject to the 5-year state sentence, see U.S.S.G. § 5G1.3 (imposition of sentence on defendant subject to undischarged term of imprisonment).